JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Adam Foust

**DEFENDANTS**
General Motors LLC
Jon Diewald

**(b)** County of Residence of First Listed Plaintiff     Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
McTavish Law PLC
41000 Woodward Ave., Suite 350 E., Bloomfield Hills, MI 48304
T: 248-289-7096

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| [ ] 140 Negotiable Instrument |    Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' |    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |    Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|    Student Loans | [ ] 340 Marine |    Injury Product | |    New Drug Application | [ ] 470 Racketeer Influenced and |
|    (Excludes Veterans) | [ ] 345 Marine Product |    Liability | | [ ] 840 Trademark |    Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|    of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending |    Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |    Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal |    Property Damage |    Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |    Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - |    Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff |    Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ |    Sentence | |    or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |    Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | [ ] 462 Naturalization Application | |    Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |    Other | [ ] 550 Civil Rights |    Actions | |    State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The Civil Rights Act of 1964, Title VII, 42 U.S.C. Section 2000e-2(a), as amended and 42 U.S.C. Section 1981, as amended.
Brief description of cause:
Employment Discrimination

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 407,072.75

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
December 14, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?      ☐ Yes
                                                                                                  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.       Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other     ☐ Yes
court, including state court? (Companion cases are matters in which  ☒ No
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes : _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ADAM FOUST,**                                            **Case No.:**

**Plaintiff,**                                                      **Judge:**

**v.**                                                      **DEMAND FOR JURY TRIAL**

**GENERAL MOTORS LLC AND
JON DIEWALD,**

**Defendants.**

_____

McTavish Law PLC
Attorneys for Plaintiff, Adam Foust
Christopher A. Chekan (P54969)
41000 Woodward Ave., Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mctavishlaw.com

## COMPLAINT

### I.   INTRODUCTION

1. This case is about the defendants, General Motors LLC, ("GM"), and its

former Executive Jon Diewald's, (Diewald"), discrimination against the Plaintiff,

Adam Foust, ("Foust"), and their destruction of Foust's reputation in their attempt

to cover it up.

1

2. Diewald fired Foust for a violation of GM's corporate vehicle policy, but he gave Kristie Spadine, ("Spadine"), a similarly situated female colleague, only a slap on the wrist for the same violation.

3. In order to justify their disparate treatment of Foust and Spadine, GM and Diewald unjustifiably accused Foust of lying to GM Executive Mike McBride, ("McBride"), during GM's investigation of Foust's and Spadine's violation of GM's corporate vehicle policy.

4. Diewald has spread that lie of Foust within and outside GM.

5. Foust denied then, and he denies now, that he lied to McBride during that investigation.

6. GM replaced Foust with Brittany Palubiski, a woman.

7. In order to prepare his Charge of Discrimination to the Equal Employment Opportunity Commission, ("E.E.O.C."), and this Complaint, Foust requested, under Michigan's Bullard-Plawecki Employee Right to Know Act, a complete, unredacted, copy of his personnel file from Mike Little, ("Little"), GM's in-house counsel for Labor, Employment, and Benefits. Little has ignored Foust's request.

8. The E.E.O.C. has issued Foust a Right to Sue letter.

9. Accordingly, Foust sues GM and Diewald for sex discrimination, Diewald for besmirching Foust's reputation, and GM for refusing to turn over its personnel file of Foust to him, and he requests that a jury award him, *inter alia*, damages, interest, costs, and attorney's fees.

## II.    THE PARTIES

10. Foust incorporates by reference, and restates herein, paragraphs 1 to 9 above.

11. Foust is an individual. He presently resides at 6252 Cheshire Park Drive, Clarkston, Michigan 48346.

12. GM is a corporation. It presently has more than 155,000 employees. It is incorporated under the laws of the State of Delaware. GM's headquarters is located at 300 Renaissance Center, Detroit, Michigan 48243.

13. Diewald is an individual. He was Foust's supervisor. Diewald presently resides at 163 Allenhurst Avenue, Royal Oak, Michigan 48067.

## III.    JURISDICTION AND VENUE

14. Foust incorporates by reference, and restates herein, paragraphs 1 to 13 above.

## A. Jurisdiction

15. This Court has jurisdiction of this civil action under 28 U.S.C. §1331, as amended, because this action involves a federal question, specifically, GM's and Diewald's malicious and with reckless indifference violation of Foust's rights and remedies under federal law, namely, The Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a), as amended.

16. This Court also has jurisdiction under 28 U.S.C. §1343(4), as amended, because this action seeks to recover damages or secure equitable or other relief under an Act of Congress that provides for the protection of civil rights, namely, The Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a), as amended.

17. This Court has supplemental jurisdiction under 28 U.S.C. § 1367, as amended, over Foust's claims under Michigan law against GM and Diewald because those claims are directly related to, and involve, the exact same facts as his claims against them under The Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a), as amended.

**B. Venue**

18. This Court has venue of this action under 28 U.S.C. §1390(a) and

§ 1391(a)(1), (a)(2)(b)(1), or (a)(2), (c)(1) and (2), and (d), as amended, because

GM and Diewald all reside within the United States District Court for the Eastern

District of Michigan, and a substantial part of the acts or omissions, or both, that

give rise to Foust's claims against GM and Diewald occurred within that Court.

IV.   **THE FACTS**

19. Foust incorporates by reference, and restates herein, paragraphs 1 to 18
above.

**A. Foust's Employment with GM**

20. He was employed with GM for 18 years.

21. He was an excellent employee.

22. He was an excellent leader.

23. When Diewald fired Foust, he was the Senior Human Resources Manager
for Global Design at GM.

24. Diewald was Foust's supervisor while Foust held that position.

25. As the Senior Human Resources Manager for Global Design at GM, Foust
received an annual salary of $188,543, plus benefits, plus a company vehicle, plus
a bonus of up to 24% of his annual salary.

## B. GM's Unlawful Termination of Foust's Employment

26. Foust asked Spadine, a similarly situated female colleague, if he could use her GM company vehicle over a weekend to drive from Michigan to Indiana to visit his wife and children.

27. Foust's wife had driven his GM company vehicle from Michigan to Indiana earlier in the week.

28. Foust did not wish to drive his personal leased GM vehicle from Michigan to Indiana over the weekend because that vehicle was close to the limit on its mileage under the lease.

29. Spadine allowed Foust to use her GM company vehicle.

30. A week after Foust had used Spadine's GM company vehicle, he received, out-of-the blue, a message on Microsoft Teams from GM's Investigative Team to meet with two female investigators.

31. That message did not say what the meeting is going to be about.

32. When Foust arrived at the meeting, he was interrogated for over an hour and he was accused of violating GM's company vehicle policy.

33. At the meeting, Foust was forthcoming, including, apologizing for violating GM's company vehicle policy.

34. Since GM could not fire Foust for his violation of its corporate vehicle policy, GM used a text message from Foust to Mike McBride, a GM executive Foust supported as the Senior Human Resources Manager for Global Design at GM, to infer that Foust had lied to McBride.

35. GM's inference is baseless and false.

36. Foust denied then, and he denies now, that he lied to McBride.

37. Days after GM interrogated Foust, Diewald, without any warning to Foust, and without giving him the opportunity to explain his text message, fired Foust.

38. Diewald only gave Spadine a slap on the wrist. He told her not to violate GM's corporate vehicle policy again.

39. After GM fired Foust, it replaced him with a woman, Brittany Palubiski.

**C. Foust's Charge with the E.E.O.C.**

40. On 31 May 2023, Foust timely filed his Charge of Sex Discrimination with the E.E.O.C.

41. On 6 June 2023, Foust's Charge of Sex Discrimination was delivered by U.S. Registered Mail, Return Receipt Requested, to the E.E.O.C.

42. The E.E.O.C. assigned number 471-2023-04290 to Foust's Charge of Sex Discrimination.

43. On 2 October 2023, the E.E.O.C. issued a right to sue letter to Foust regarding his Charge of Sex Discrimination.

## V. <u>CLAIMS</u>

### A. GM's Discrimination Against Foust Contrary to the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a), as amended,

44.  Foust incorporates by reference, and restates herein, paragraphs 1 to 43 above.

45. Foust is a member of a protected class. He is man.

46. Foust is qualified for the job of Senior Human Resources Manager for Global Design at GM.

47. Foust suffered an adverse employment action at GM. Diewald fired him.

48. Spadine, a female colleague of Foust, and a similarly situated employee to Foust, who violated the same GM company vehicle policy as Foust, was given a slap on the wrist by Diewald and he told her never to do it again, whereas Diewald fired Foust for the same violation.

49. GM's firing of Foust for lying is a pretext so GM could replace him with a woman, namely, Brittany Palubiski.

### B. GM's Discrimination Against Foust Contrary to the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq., as amended

50. Foust incorporates by reference, and restates herein, paragraphs 1 to 49 above.

51. Foust is a member of a protected class. He is man.

52. Foust is qualified for the job of Senior Human Resources Manager for Global Design at GM.

53. Foust suffered an adverse employment action at GM. Diewald fired him.

54. Spadine, a female colleague of Foust, and a similarly situated employee to Foust, who violated the same GM company vehicle policy as Foust, was given a slap on the wrist by Diewald and he told her never to do it again, whereas Diewald fired Foust for the same violation.

55. GM's firing of Foust for lying is a pretext so GM could replace him with a woman, namely, Brittany Palubiski.

## C. Diewald's Injurious Falsehoods Against Foust

56. Foust incorporates by reference, and restates herein, paragraphs 1 to 55 above.

57. Diewald's accusations, within and outside GM, that Foust lied to McBride are false.

58. Diewald knew those accusations were false, or recklessly disregarded whether they were false, when he disseminated those accusations within and outside GM.

59. Diewald published his above false accusations of Foust with actual malice. They are spiteful lies.

9

60. Diewlald knew or should have known that his accusations were false before he published them.

61. Diewald knew or should have known that his above intentional and malicious false publications regarding Foust would likely result in an action being brought against him by Foust.

62. Foust has suffered special damages, or pecuniary losses, or both, because of the above lies of Diewald, including, but not limited to, Foust's attorney's fees and costs to bring, and maintain this action, exemplary damages, loss of back pay, future pay, and other economic damages.

## D. GM's Violation of the Bullard-Plawecki Employee Right to Know Act, 423.501, et. seq., as amended

63. Foust incorporates by reference, and restates herein, paragraphs 1 to 62 above.

64. Foust has requested his personnel file from GM pursuant to the above Act.

65. GM has not produced its personnel file for Foust to him.

66. Foust has been prejudiced by GM's failure to do so.

67. GM's personnel file for Foust contains the facts regarding GM's firing of Foust.

68. If Foust had those facts, he could address them in this Complaint, which would steam line this litigation and save time and expense.

10

## VI. <u>RELIEF REQUESTED</u>

69. Foust incorporates by reference, and restates herein, paragraphs 1 to 68 above.

70. Foust seeks the following, *inter alia,* relief from GM, and Diewald:

    A. pre-judgment interest;

    B. post-judgment interest;

    C. attorney's fees and costs;

    D. back pay;

    E. front pay;

    F. compensatory damages;

    G. exemplary damages;

    H. punitive damages; and,

    I. such further and other relief that Foust may request, and this Honorable

      Court may deem just.

Dated: 22 December 2023

/s/ Christopher A. Chekan

McTavish Law PLC
Attorneys for Plaintiff, Adam Foust
Christopher A. Chekan (P54969)
41000 Woodward Ave. Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mavtavishlaw.com

11

## **JURY DEMAND**

Foust requests this action be tried before a jury pursuant to Article VII of the

Articles in Addition to, and Amendment of, the Constitution of the United States of

America, and Fed. R. Civ. P. 38, as amended.

Dated: 22 December 2023

/s/ Christopher A. Chekan

McTavish Law PLC
Attorneys for Plaintiff, Adam Foust
Christopher A. Chekan (P54969)
41000 Woodward Ave., Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mctavishlaw.com