UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM FOUST,

        Plaintiff,

v.

GENERAL MOTORS LLC,
AND JON DIEWALD,

        Defendants.

Case No. 2:23-CV-13257-JJCG-CI

Hon. Jonathan J.C. Grey
Magistrate Judge Curtis Ivy, Jr.

---

MCTAVISH LAW PLC
Christopher A. Chekan (P54969)
*Attorneys for Plaintiff*
41000 Woodward Ave., Suite 350 East
Bloomfield Hills, MI 48304
Phone: (248) 289-7096
chris@mctavishlaw.com

OGLETREE DEAKINS, PLLC
Donald C. Bulea (P84895)
Lauren D. Harrington (P85545)
*Attorneys for Defendants*
34977 Woodward Avenue, Ste. 300
Birmingham, MI 48009
248-593-6400
donald.bulea@ogletree.com
lauren.harrington@ogletree.com

---

### DEFENDANTS' ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendants, GENERAL MOTORS LLC ("GM") and JON DIEWALD ("DIEWALD") (jointly hereafter "Defendants") by and through their undersigned counsel, Ogletree Deakins, PLLC, answer Plaintiff's Amended Complaint and Jury Demand ("Complaint"), as follows:

I. **INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit only that GM terminated Plaintiff's employment on August 30, 2022 in part for violation of GM's company vehicle policy (applicable company vehicle policies attached hereto as Exhibit 1) and for violating GM's winning with integrity policy (attached hereto as Exhibit 2), but further answering, Defendants deny all remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit only that portions of GM's company vehicle policy applied to Plaintiff and Kristine Spadine, but further answering, Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit only that Plaintiff lied in a text message to GM Executive Mike McBride on July 26, 2022 by stating his GM company vehicle was "in [the] shop getting oil/tires" (text message attached hereto as Exhibit 3)[1] when Plaintiff's wife had instead driven Plaintiff's GM company vehicle to Indiana, but further answering, Defendants deny all the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

---

[1] In Exhibit 3, Plaintiff's text messages have white background and Mike McBride's text messages have blue background.

6. Defendants deny that Plaintiff denied lying to McBride during GM's investigation, but further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore deny them.

7. Defendants admits only that Brittany Palubiski is a woman, that she was and is a current employee of GM, and that GM reassigned some of Plaintiff's job duties to her after Plaintiff's employment ended, but further answering, Defendants deny all the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore deny them.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

## II. THE PARTIES

11. Defendants restate Paragraphs 1 through 10 of their Answer as if fully rewritten herein.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore deny them.

13. Defendants admit only that GM is an LLC organized under Delaware law, it presently has more than 155,000 employees, and has its headquarters at 300 Renaissance Center, Detroit, Michigan 48243, but further answering, Defendants deny all the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit only that Diewald is an individual, he worked for GM and supervised Plaintiff, and is a resident of Royal Oak, Michigan, but further answering, Defendants deny all the remaining allegations in Paragraph 14 of the Complaint.

## III.  JURISDICTION AND VENUE

15. Defendants restate Paragraphs 1 through 14 of their Answer as if fully rewritten herein.

### A.  Jurisdiction

16. Defendants admit only that this Court has jurisdiction in this matter, but further answering, Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit only that this Court has jurisdiction in this matter, but further answering, Defendants deny all remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit only that this Court has jurisdiction in this matter, but further answering, Defendants deny all remaining allegations in Paragraph 18 of the Complaint.

### B. Venue

19. Defendants admit only that venue is proper in this Court for some of Plaintiff's claims, but further answering, Defendants deny all remaining allegations in Paragraph 19 of the Complaint.

## IV. THE FACTS

20. Defendants restate Paragraphs 1 through 19 of their Answer as if fully rewritten herein.

### A. Foust's Employment with GM

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit only that GM employed Plaintiff from on or around October 7, 2009 until August 30, 2022, but further answering, Defendants deny all remaining allegations in Paragraph 22 of the Complaint.

23. Defendants admit only that Plaintiff received raises and bonuses during his employment at GM, but further answering, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit only that GM terminated Plaintiff's employment on August 30, 2022, and that Diewald supervised Foust at the time, but further answering, Defendants deny all remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit only that on August 30, 2022, the date GM terminated Plaintiff's employment, GM employed Plaintiff as the Senior HR Manager for Global Design, but further answering, Defendants deny all remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit only that Diewald was Plaintiff's supervisor when GM terminated Plaintiff's employment on August 30, 2022, but further answering, Defendants deny all remaining allegations in Paragraph 27 of the Complaint.

28. Defendants admit only that at the time of Plaintiff's employment ended on August 30, 2022, his salary was $188,543, and he received benefits, including a company vehicle, but further answering, Defendants deny all remaining allegations in Paragraph 28 of the Complaint.

**B.   GM's Unlawful Termination Foust's Employment**

29. Defendants admit only that GM employed Kristine Spadine as an Outreach and Development Manager, reporting to Crystal Windham, at all times pertinent to Plaintiff's Complaint and that Plaintiff asked Kristine Spadine if he could use her GM company vehicle to drive from Michigan to Indiana to visit his

6

wife and kids, but further answering, Defendants deny all remaining allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint, including that Plaintiff's wife had driven Plaintiff's GM company vehicle from Michigan to Indiana, without him, on July 25, 2022.

31. Based on information and belief, Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit only that GM's Employee Relations investigation team met with Plaintiff as part of a GM internal investigation, but further answering, Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore deny them.

35. Defendants admit only that GM's Employee Relations investigators met with Plaintiff for over an hour, but further answering, Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit only that Plaintiff lied in a text message to GM Executive Mike McBride on July 26, 2022 by stating his GM company vehicle was

"in [the] shop getting oil/tires" (text message attached hereto as Exhibit 3) when Plaintiff's wife had instead driven Plaintiff's GM company vehicle to Indiana, but further answering, Defendants deny all the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit only that GM terminated Plaintiff's employment on August 30, 2022, but further answering, Defendants deny all remaining allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants admit only that Brittany Palubiski is a woman, she was and is a current employee of GM, and that GM reassigned some of Plaintiff's job duties to her after Plaintiff's employment ended, but further answering, Defendants deny all the remaining allegations in Paragraph 42 of the Complaint.

C. **Foust's charge with the E.E.O.C.**

43. Defendants admit only that Plaintiff filed his EEOC charge on September 14, 2023 based on events that occurred "on or around 8/31/2022" (see EEOC Letter to Adam Foust, c/o Christopher Chekan, and "Jurisdictional Items," attached as Exhibit 4) and that the Charge was filed outside the 300 day limitations period

required by federal law, and further answering, Defendants deny all the allegations in Paragraph 43 of the Complaint.

44. Defendants admit only that Plaintiff alleged in his Charge of Discrimination that GM discriminated against him because he is a male, but further answering, Defendants deny all remaining allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants admit the allegations in Paragraph 47 of the Complaint.

## V. CLAIMS

### A. GM's Discrimination Against Foust Contrary to the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e-2(a), as amended.

48. Defendants restate Paragraphs 1 through 47 of their Answer as if fully rewritten herein.

49. Defendants admit only that Plaintiff is a man, but further answering, Defendants deny all remaining allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants admit only that GM terminated Plaintiff's employment on August 30, 2022, but further answering, Defendants deny all remaining allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

9

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

**B. GM's Discrimination Against Foust Contrary to the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq., as amended**

54. Defendants restate Paragraphs 1 through 53 of their Answer as if fully rewritten herein.

55. Defendants admit only that Plaintiff is a man, but further answering, Defendants deny all remaining allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit only that GM terminated Plaintiff's employment on August 30, 2022, but further answering, Defendants deny all remaining allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

**C. Diewald's Injurious Falsehoods Against Foust**

60. Defendants restate Paragraphs 1 through 59 of their Answer as if fully rewritten herein.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

**D. GM's Violation of the Bullard-Plawecki Employee Right to Know Act, 423.501, et. seq., as amended**

67. Defendants restate Paragraphs 1 through 66 of their Answer as if fully rewritten herein.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants admit only that GM produced Plaintiff's personnel records to him (via his undersigned counsel) on January 26, 2024 (see Exhibit 5 attached hereto), and further answering, Defendants deny all the remaining allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants admit that Plaintiff's personnel records contain some of the facts relating to GM's termination of Plaintiff's employment, but further answering, Defendants deny all remaining allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

11

## VI.    <u>RELIEF REQUESTED</u>

75. Defendants restate Paragraphs 1 through 74 of their Answer as if fully rewritten herein.

76. Defendants deny Plaintiff is entitled to any relief from Defendants, including for relief sought in Paragraphs 76(A) through 76(J) of the Complaint, and further answering, Defendants deny all remaining allegations in Paragraph 76 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Plaintiff's claims in their entirety, with prejudice, and awarding Defendants their costs and attorneys' fees incurred in defending this matter, together with any other relief in Defendants' favor that the Court deems appropriate.

          Respectfully submitted,

          <u>s/ Donald C. Bulea</u>
          Donald C. Bulea (P84895)
          OGLETREE, DEAKINS, PLLC
          *Attorneys for Defendants*
          34977 Woodward Avenue, Suite 300
          Birmingham, MI 48009
          248-593-6400

Dated: February 12, 2024     donald.bulea@ogletree.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM FOUST,

        Plaintiff,

v.

GENERAL MOTORS COMPANY,
AND JON DIEWALD,

        Defendants.

Case No. 2:23-CV-13257-JJCG-CI

Hon. Jonathan J.C. Grey
Magistrate Judge Curtis Ivy, Jr.

---

McTAVISH LAW PLC
Christopher A. Chekan (P54969)
*Attorneys for Plaintiff*
41000 Woodward Ave., Suite 350 East
Bloomfield Hills, MI 48304
Phone: (248) 289-7096
chris@mctavishlaw.com

OGLETREE, DEAKINS, PLLC
Donald C. Bulea (P84895)
*Attorneys for Defendants*
34977 Woodward Avenue, Ste. 300
Birmingham, MI 48009
248-593-6400
donald.bulea@ogletree.com

---

## **DEFENDANTS AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, GENERAL MOTORS COMPANY ("GM") and JON DIEWALD ("DIEWALD") (jointly hereafter "Defendants") by and through their undersigned counsel, Ogletree Deakins, PLLC, asserts the following Affirmative and Other Defenses to Plaintiff's Amended Complaint:

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint is barred, in whole or in part, by the applicable

13

statute(s) of limitations.

3. Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages, if any.

4. Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

6. Plaintiff's damages, if any, were caused by his own conduct.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an "at-will" employee.

8. Some or all of Plaintiff's damages may be barred by the doctrine of after-acquired evidence.

9. Plaintiff cannot demonstrate that Defendants acted intentionally, deliberately, willfully or with malice, disregard, or reckless indifference to Plaintiff's rights and has failed to sufficiently plead facts supporting any claims.

10. Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to his gender and/or sex.

11. Defendants acted at all times within the bounds of good faith, with honest belief, and for legitimate, non-discriminatory reasons.

12. Even if Plaintiff could establish a *prima facie* case, he cannot establish Defendants' legitimate, non-discriminatory, and non-retaliatory reasons for their actions were pretext for an intent to discriminate against him on the basis of gender, sex, or any other protected class.

13. Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

14. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to inform Defendants of any harassing or discriminatory behavior.

15. To the extent Plaintiff complained adequately of allegedly unlawful discriminatory or retaliatory actions, Defendants undertook a prompt investigation and made an appropriate remedial response.

16. The proximate cause of any injury or damages to Plaintiff, if any such injury or damages exist, was not the action of Defendants.

17. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

18. Plaintiff's "injurious falsehoods" claims are barred because any alleged false or defamatory statements made by Defendants were subject to an absolute and/or qualified privilege, and such privilege was not exceeded or abused by Defendants.

19. Plaintiff's "injurious falsehoods" claims are barred because any alleged false or defamatory statements made by Defendants were true or substantially true.

20. To the extent any of the alleged false or defamatory statements were not true, Defendants believed those statements to be true when made.

21. To the extent any of the alleged false or defamatory statements were not true, Defendants are without fault in making the statements.

22. Any alleged statements made by Defendants were not false and were not defamatory.

23. Any alleged false or defamatory statements made by Defendants were not published, or, if published, were not published with actual or implied malice.

24. Any alleged false or defamatory statements made by Defendants are not actionable because they were merely expressions of opinion, not statements of fact.

25. Any alleged false or defamatory statements made by an agent of GM to another agent of GM were not published to a third party and/or were absolutely or qualifiedly privileged.

26. Plaintiff's Complaint requests damages in an amount and/or type that are unavailable as a matter of law.

27. Defendants reserve the right to amend these affirmative defenses or to assert additional affirmative defenses in the course of this litigation

        Respectfully submitted,

        *s/ Donald C. Bulea*
        Donald C. Bulea (P84895)
        Lauren D. Harrington (P85545)
        OGLETREE, DEAKINS, PLLC
        *Attorneys for Defendants*
        34977 Woodward Avenue, Suite 300
        Birmingham, MI 48009
        248-593-6400
        donald.bulea@ogletree.com

Dated: February 12, 2024        lauren.harrington@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

        *s/ Donald C. Bulea*
        Donald C. Bulea (P84895)
        Lauren D. Harrington (P85545)
        OGLETREE, DEAKINS, LLC
        *Attorneys for Defendants*
        34977 Woodward Avenue, Suite 300
        Birmingham, MI 48009
        248-593-6400
        donald.bulea@ogletree.com
        lauren.harrington@ogletree.com