UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM FOUST,

        Plaintiff,

v.

GENERAL MOTORS LLC,
AND JON DIEWALD,

        Defendants.

Case No.2:23-CV-13257-JJCG-CI

Hon. Jonathan J.C. Grey
Magistrate Judge Curtis Ivy, Jr.

---

| McTAVISH LAW PLC | OGLETREE DEAKINS, PLLC |
|---|---|
| Christopher A. Chekan (P54969) | Donald C. Bulea (P84895) |
| *Attorneys for Plaintiff* | Lauren D. Harrington(P85545) |
| 41000 Woodward Ave., Suite 350 East | *Attorneys for Defendants* |
| Bloomfield Hills, MI 48304 | 34977 Woodward Avenue, Ste. 300 |
| Phone: (248) 289-7096 | Birmingham, MI 48009 |
| chris@mctavishlaw.com | 248-593-6400 |
| | donald.bulea@ogletree.com |

---

## DEFENDANTS' REPLY IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

      The facts as alleged in Plaintiff's Amended Complaint leave no doubt that Plaintiff lied to a Senior Executive, violated GM's company vehicle policy in two different ways, and that no comparable female employee engaged in similar behavior but avoided termination. Moreover, the statements allegedly made by Diewald are true. Defendants are entitled to judgment as a matter of law.

### A. There is No Dispute That Diewald's Statements Are True, Which Dooms Plaintiff's Untimely Injurious Falsehood Claims.

Plaintiff sued Diewald for "destruction of his reputation" [ECF No. 4, PageID 19]. But "[g]eneral personal damages for injury to plaintiff's professional reputation are not recoverable in [an] injurious falsehood action." *Kollenberg v. Ramirez*, 127 Mich. App. 345, 355 (Mich. App. 1983). Plaintiff's claim is therefore barred by the limitations period applicable to defamation claims. MCL 600.5805(11)

Regardless, Plaintiff's injurious falsehood claim must be dismissed for another reason: Diewald's statements are true. Under Michigan law, and as noted by the Sixth Circuit, Plaintiff must allege facts showing "that the injurious statement is actually false. If the statement is not false, the plaintiff has no claim [for injurious falsehood]." *Neshewat v. Salem*, 173 F.3d 357, 363 (6th Cir. 1999); *Collins v. Detroit Free Press, Inc.,* 245 Mich. App. 27, 37, 627 N.W.2d 5, 10 (2001) (applying defense of substantial truth to bar claims for injurious falsehood). Plaintiff's Amended Complaint and his text messages[1] leave no doubt that Diewald's alleged statement, *i.e.,* that Plaintiff lied to a GM senior executive, is true. Plaintiff's "wife had driven his GM company vehicle from Michigan to Indiana." [ECF No. 4, PageID 24]. Foust then texted Mike McBride, a GM executive [ECF No. 4, PageID 25], and asked to

---

[1] Plaintiff does not dispute that the Court can consider the text messages because they are specifically referenced in his Amended Complaint [¶ 37, ECF No. 4, PageID 25] and central to his claims. *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335-336 (6th Cir. 2007).

2

use his GM company vehicle. [ECF No. 5-4, PageID 124-125]. McBride told Plaintiff "per the policy you can't have two company cars at once. Sounds like you'd still have your suburban," and in response, Plaintiff lied and said "It's in the shop getting oil/tires." [*Id.*]. This lie is obvious because Plaintiff offered to leave his personal vehicle with McBride – not his GM company vehicle. [*Id.*] Thus, even accepting all factual allegations as true, Plaintiff's Amended Complaint has failed to allege facts that would permit the Court to infer Diewald made any false statements about Plaintiff. Instead, there is no doubt that Plaintiff lied to McBride. As such, Diewald is entitled to judgment as a matter of law on Plaintiff's injurious falsehood claim.

**B. Plaintiff Failed to Plead Facts Alleging GM is "Unusual Employer" Discriminates Against White Men So His Title VII Claim Fails.**

In their Brief, Defendants expressly acknowledged the holding in *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) that the *McDonnell Douglas* framework is an evidentiary standard and not a pleading requirement. However, Plaintiff ignores the clear law within this District,[2] and throughout the Sixth Circuit, which recognize "a distinction between the evidentiary standards for surviving

---

[2] Plaintiff also ignores that the Sixth Circuit had the opportunity to review the decision in *Bartlett* (dismissing plaintiff's reverse sex discrimination claim dismissed because the plaintiff failed to allege background circumstances in support of his claims), and upheld the dismissal without any commentary or criticism of that aspect of the decision. *Bartlett v. Washington*, No. 793 F. App'x 403 (6th Cir. 2019).

3

summary judgment and the pleading requirements for a complaint," but nevertheless hold that "a plaintiff must still satisfy the 'plausibility' standard in *Twombly* to determine whether the factual allegations in a complaint support the legal conclusions." *Waldron v. Wal-Mart, Inc.*, No. 2:20-CV-06272, 2021 WL 3367540, at *3 (S.D. Ohio Aug. 3, 2021). For his reverse discrimination claim, Plaintiff is required "to allege facts which would suggest that [GM] is the unusual employer that discriminates against the majority." *Id.* at *4. As *Twombly* noted, after expressly acknowledging *Swierkiewicz,* "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Tombly,* 550 U.S. at 570. Plaintiff's Amended Complaint failed to allege any facts to indicate GM is the unusual employer who discriminates against men. Thus, Plaintiff failed to nudge his claims across the line from conceivable to plausible. As such, Plaintiff's Title VII reverse gender discrimination should be dismissed with prejudice.

**C. Plaintiff Did Not Allege Sufficient Facts For the Court to Infer Similarly Situated Female Employees Treated Better.**

Sixth Circuit law is clear: the Court can dismiss a case on a Rule 12 motion if Plaintiff does not point to disparate treatment of similarly situated individuals. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013). Plaintiff failed to allege facts showing Spadine is similarly situated to him in any

4

respect so his claims for discrimination under Title VII and ELCRA[3] should be dismissed.

Plaintiff believes he stated a claim for disparate treatment because he alleged that a female co-worker, Spadine, engaged in "unauthorized use of a GM company vehicle" but GM did not terminate her employment. [ECF No. 8, PageID 180]. This argument misses the mark both legally and factually. Plaintiff's reliance on *Williams v. Huron Pines Condo Assn.,* No. 2:21-cv-10878, 2022 WL 822106 (March 17, 2022) is misplaced. In that case, the Court ruled that the plaintiff, an African-American member of a condo association, had plausibly alleged disparate treatment because the association had sued him for money damages when he fell behind on his dues payments but had not filed suit against any of the white association members who also fell behind on their payments. *Id.* at *9. Thus, the plaintiff in *Williams* had plausibly alleged similarly situated people (white members of the condo association) had engaged in similar conduct (falling behind on their dues payments), but were treated differently (not sued). That is a far cry from the allegations in this case.

Here, unlike *Williams,* there are no allegations that Plaintiff (a Senior HR Manager) and Spadine (an Outreach and Development Manager) were similarly

---

[3] "[P]laintiff's Title VII and ELCRA claims properly are considered together, because h[is] discrimination … claims are evaluated under the same standards under both federal and state law." *Beny v. Univ. of Michigan Bd. of Regents*, No. 22-12021, 2023 WL 4409107, at *8 (E.D. Mich. July 7, 2023).

situated or that they engaged in the same conduct, *i.e.,* that Spadine let a family member to take a GM vehicle out of state without her, was in possession of two company vehicles at one time, and lied to a GM executive, but was treated differently. To this end, Plaintiff's Amended Complaint failed to allege "enough facts to state a claim to relief that is plausible" or suggest "a right to relief above a speculative level." *Twombly*, 550 U.S. 544, 555 (2007)). Thus, dismissal of Plaintiff's Amended Complaint is proper where, as here, he does not have a "reasonably founded hope" of making his case. *Id*.

**D. GM Has Complied With Bullard-Plawecki Act.**

Plaintiff failed to distinguish this case from *Sobieski v. Takata Seat Belts, Inc.*, No. 268366, 2006 WL 2270382, at *6 (Mich. Ct. App. Aug. 8, 2006), which is directly on point, and holds "the act fails to delineate a time frame for compliance." Plaintiff's Amended Complaint admits GM complied with the Bullard-Plawecki Act by providing a copy of his personnel records on January 26, 2024 – just like *Sobieski*. And, in *Sobieski,* like here, plaintiff's attorney[4] made a written request for the

---

[4] The fact that Plaintiff's attorney requested Plaintiff's personnel records in and of itself justified GM not providing the personnel records, and dismissal of this claim, since personal representatives are not entitled to obtain an employee's personnel records under the Bullard-Plawecki Act. *See Makohon v. DaimlerChrysler Corp.*, No. 240112, 2003 WL 22339225, at *7 (Mich. Ct. App. Oct. 14, 2003) ("nowhere in the statute is there any suggestion that the Legislature intended to include personal representatives … within the meaning of "employee," nor is there any judicial authority supporting such a proposition. Therefore, the trial court properly dismissed this claim.").

employee's personnel record, but the plaintiff "fail[ed] to allege that he requested to review his file pursuant to MCL 423.504, which is required before requesting a copy of the file." *Id.* And, Plaintiff, like the plaintiff in *Sobieski,* did not allege "he was unable to review his record at the employer's location, in compliance with MCL 423.504, before his attorney requested the copy." Thus, "based on [Plaintiff's] own failure to comply with statutory requirements, [GM] was under no obligation to produce a copy of [Plaintiff's] personnel record when it received the written request from [Plaintiff's] counsel." *Id.* Finally, contrary to Plaintiff's argument, this Court may properly dismiss Plaintiff's claim for violation of the Bullard-Plawecki Act when he alleged "no facts to demonstrate that [GM] actually violated [the] Bullard-Plawecki [Act]." *Schutter v. Harold Zeigler Auto Grp., Inc.*, No. 1:18-CV-47, 2018 WL 1536538, at *2 (W.D. Mich. Mar. 29, 2018).

### E.  Conclusion.

The facts are clear and do not entitle Plaintiff to relief. GM terminated Plaintiff's employment for violating GM's vehicle policy and lying to a GM executive. The fact that Plaintiff is a man had absolutely nothing to do with GM's decision. Plaintiff's Amended Complaint should be dismissed with prejudice.

                                       Respectfully submitted,

                                       *s/ Donald C. Bulea*
                                       Donald C. Bulea (P84895)
                                       *Attorney for Defendants*

Dated:  March 18, 2024

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                      *s/ Donald C. Bulea*
                      Donald C. Bulea (P84895)
                      Lauren D. Harrington (P85545)
                      OGLETREE, DEAKINS, LLC
                      *Attorneys for Defendants*
                      34977 Woodward Avenue, Suite 300
                      Birmingham, MI  48009
                      248-593-6400
                      donald.bulea@ogletree.com
                      lauren.harrington@ogletree.com