**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

Adam Foust,

Plaintiff,

v.

General Motors LLC and Jon Diewald,

Defendants.
_________________________/

Case No. 23-13257
Honorable Jonathan J.C. Grey

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 7) AND DENYING PLAINTIFF'S MOTION TO AMEND (ECF No. 9)**

## I. INTRODUCTION

On January 28, 2024, Adam Foust ("Foust") filed his first amended complaint against General Motors ("GM") and GM executive, Jon Diewald. Foust alleges that GM terminated his employment in violation of Title VII, Michigan's Elliot Larsen-Civil Rights Act ("ELCRA"), and Michigan's Bullard-Plawecki Right to Know Act. (ECF No. 4.) Foust further asserts an injurious falsehood claim against Diewald. (*Id.*)

On February 12, 2024, GM and Diewald filed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 7.) The motion is fully briefed. On March 15, 2024, Foust filed motion

for leave to amend his complaint. (ECF No. 9.) For the reasons set forth below, the Court **GRANTS** GM and Diewald's motion for judgment on the pleadings and **DISMISSES** Foust's Title VII claim. The Court further **DECLINES** to exercise jurisdiction as to Foust's state-law claims and **DISMISSES** those claims without prejudice. Lastly, the Court **DENIES** Foust's motion to amend.

## II. BACKGROUND

Plaintiff Adam Foust was employed by GM from May 2004, until his termination in August 2022. In his latest role, Foust served as GM's Senior Human Resources Manager for Global Design. (ECF No. 4, PageID.24.)

In July 2022, Foust asked Kristine Spadine, a GM outreach and Development Manager, if he could use her company vehicle to drive to Indiana to meet his wife and kids. (ECF No. 4, PageID.24.) Spadine permitted Foust to use her company vehicle, and he proceeded to drive her GM company vehicle to Indiana to see his family. (*Id.*)

Pursuant to GM's Company Vehicle Policy ("CVO"), employees are not permitted to have more than two company vehicles at one time. (*Id.*, PageID.20.) Foust's wife had already driven Foust's GM company vehicle

from Michigan to Indiana earlier in the week. (*Id.*, PageID.24.) Thus, by using Spadine's GM company vehicle, Foust was violating GM vehicle policy prohibiting the possession of two company cars at once. (*Id.*, PageID.25.)

A week after Foust used Spadine's company vehicle, GM's investigative team requested to meet with Foust. (*Id.*, PageID.25) During the meeting, Foust admitted to his violations of GM vehicle policy and apologized for his violations. (*Id.*) On August 31, 2022, a few days after the meeting, Diewald fired Foust. (*Id.*, PageID.20–25.) GM did not fire Spadine, but did discipline her. (*Id.*, PageID.20–25.)

On May 31, 2023, Foust filed a charge of sex discrimination against GM with the EEOC (*Id.*, PageID.26.) On January 28, 2024, Foust filed his first amended complaint in connection with his termination. (ECF No. 4.) Foust claims that GM discriminated against him in violation of Title VII and ELCRA by terminating his employment for violation of GM's CVO. (*Id.*, PageID.26–28.) According to Foust, Spadine, who was a former female colleague of his and a similarly situated employee, violated the same GM policies as he did, however, Spadine was only given "a slap on the wrist," while Foust was fired. (*Id.*)

Foust also claims that he requested a complete, unredacted copy of his employment records and personnel files from GM, but GM willfully failed or refused to comply with Foust's request in violation of Michigan's Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Law § 423.501, *et. seq.*, as amended. (*Id.*, PageID.29–30.) Foust alleges that GM only produced his employment records and personnel files on January 26, 2024, after he had already filed and served his complaint, despite his request for the documents in February and April 2023. (*Id.*, PageID.29.) According to Foust, he has been prejudiced by GM's delay of almost a year to produce his employment files. (*Id.*, PageID.30.)

Foust further asserts a claim of injurious falsehood against Diewald. (*Id.*, PageID.28.) Foust alleges that that Diewald falsely accused Foust of lying to GM Executive, Mike McBride, during GM's investigation, and Diewald has spread this information within and outside GM in damage to Foust's reputation. (*Id.*, PageID.20–21.)

On February 12, 2024, Diewald and GM filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 7.)

On March 15, 2024, Foust filed a motion for leave to amend his complaint for a second time. (ECF No. 9.) In addition to the claims filed by Foust in his first amended complaint, Foust's proposed second amended complaint includes two additional state claims of Tortious Interference and False Light Invasion of Privacy. (*Id.*) Foust also seeks to add an additional party, GM Executive Mike McBride, as a defendant in his proposed second amended complaint. (*Id.*)

## III. LEGAL STANDARD

### A. Motion for judgment on the pleadings

The standard of review for motions under Rule 12(c) is the same as for motions under Rule 12(b)(6). *Kottmyer v. Maas,* 436 F.3d 684, 689 (6th Cir. 2006). In deciding the Rule 12(c) motion, courts must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). But a court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the reviewing court must grant the motion to dismiss. *Winnett v. Caterpillar*, *Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Additionally, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**B. Motion to amend**

Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend under Rule 15(a) are within the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). And courts should generally grant leave to amend unless there is a showing that the plaintiff's motion is the subject of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to opposing party by virtue of allowance of the amendment, futility of amendment," or any other issue. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend is futile and properly denied if the amended complaint would not survive a motion

to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015).

## IV. ANALYSIS

### A. GM and Diewald's motion for judgment on the pleadings

#### i. Title VII and ELCRA

Foust asserts unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"). (ECF No. 9-1, PageID.253–254.) According to Foust, GM discriminated him because Spadine, a similarly situated female GM employee, violated GM policy but was not terminated. (*Id.*) On the other hand, Foust was investigated and terminated for his breaches of GM policy. (*Id.*) Foust contends that he was treated differently because of his gender. (*Id.*)

As a threshold matter, Title VII and ELCRA claims for discrimination are generally considered together. *See Beny v. Univ. of Michigan Bd. of Regents*, No. 22-12021, 2023 WL 4409107, at *8 (E.D. Mich. July 7, 2023) (citing *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771 (6th Cir. 2018) ("The plaintiff's Title VII and ELCRA claims

properly are considered together, because her discrimination, retaliation, and hostile work environment claims are evaluated under the same standards under both federal and state law."). However, where, as here, a plaintiff alleges a reverse-discrimination claim, ELCRA and Title VII claims are analyzed differently. *Gomez v. Henry Ford Health Sys.*, No. 16-13389, 2018 WL 5298439, at *1 (E.D. Mich. Oct. 25, 2018) ("an ELCRA reverse-discrimination claim is not on all fours with a Title VII reverse-discrimination claim."); *see also Lind v. City of Battle Creek,* 470 Mich. 230, 681 N.W.2d 334 (2004) (concluding that under Michigan law, a reverse discrimination claim does not require a showing of "background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against the majority."). Thus, the Court will treat Foust's Title VII claim separately.

**ii. Foust's Title VII Claim**

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

To establish a prima facie case of gender discrimination under Title VII, the plaintiff must show that they: (1) are a member of a protected group; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) similarly situated employees were treated more favorably. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016) (quoting *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)). But in cases involving a claim for reverse-discrimination, the Sixth Circuit has modified the first prong. Under the first prong of this modified analysis, the plaintiff must show "background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002) (citations omitted). The Sixth Circuit has also cautioned that although the "background circumstances" prong must be satisfied, courts should not impose a "heightened pleading standard." *Zambetti*, 314 F.3d at 257 (citations omitted).

Although the plaintiff is not required to establish a prima facie case at the pleading the stage, courts may look to the elements of a particular claim to determine the court's finding of plausibility. *See Towns v.*

*Memphis/Shelby Cnty. Health Dep't*, No. 17-CV-02626-SHM-TMP, 2019 WL 639050, at *4 (W.D. Tenn. Jan. 25, 2019), *report and recommendation adopted*, No. 17-CV-2626, 2019 WL 639025 (W.D. Tenn. Feb. 14, 2019) (collecting cases) ("While a Title VII plaintiff need not establish a *prima facie* case at the motion to dismiss stage, courts have looked to the *prima facie* requirements when determining whether a Title VII plaintiff has pleaded an actionable claim."). To survive the pleading stage, the plaintiff's complaint must contain "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the defendant employer] discriminate[d] against [the plaintiff] with respect to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin." *Beny*, No. 22-12021, 2023 WL 4409107, at *8 (quoting *Keys*, 684 F.3d at 610) (cleaned up).

Even if the Court accepts all facts alleged in Foust's amended complaint as true, Foust fails to plead sufficient facts to support his claim for reverse discrimination under Title VII.

Foust's complaint does not allege any background circumstances to support a plausible suspicion that GM is the unusual employer that

discriminates against men. *Donaldson v. DeJoy*, No. 22-1651, 2024 WL 3493870, at *3 (6th Cir. May 1, 2024) (affirming district court's dismissal of plaintiff's reverse-discrimination claim where plaintiff failed to allege background circumstances that the defendant is the unusual employer who discriminates against the majority.)

Background circumstances can include statistical evidence or employment policies that highlight a pattern of disparate treatment against the majority; or evidence that the employee agent who committed the adverse action was part of the minority group. *Ames v. Ohio Dep't of Youth Servs.*, 87 F.4th 822, 825 (6th Cir. 2023) (citing *Zambetti*, 314 F.3d at 257) ("Plaintiffs typically make that showing [of background circumstances] with evidence that a member of the relevant minority group… made the employment decision at issue, or with statistical evidence showing a pattern of discrimination by the employer against members of the majority group."); *see also Gregory v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:21-CV-577-CHB, 2021 WL 6135559, at *4 (W.D. Ky. Dec. 29, 2021) (explaining that in plaintiff's case for reverse-discrimination on the basis of race, a showing of background circumstances can include "statistical evidence or employment policies

showing a history of unlawful consideration of race by the employer; evidence that the person responsible for the employment decision was a minority; or evidence of ongoing racial tension in the workplace.”).

In *Donaldson*, the Sixth Circuit affirmed the district court’s ruling dismissing the plaintiff’s reverse-discrimination claim where the plaintiff, a white American male, alleged that he was discriminated against based on his race and national origin. No. 22-1651, 2024 WL 3493870, at *3. The plaintiff alleged that an individual named Julie Campbell, who was also white and American, discriminated against him in the workplace by treating his Hispanic co-worker more favorably. *Id.* The Sixth Circuit affirmed the dismissal of the plaintiff’s complaint based on the fact that the plaintiff made only broad and conclusory allegations of discrimination, with little to no factual support. *Id.* The Sixth Circuit concluded that the plaintiff had failed to allege “sufficient facts showing background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority.” *Id.* (quoting *Zambetti*, 314 F.3d at 255). The Sixth Circuit further noted that the plaintiff’s claim of reverse-discrimination was “even more implausible in view of his allegation that Campbell is also white.” *Id.*

Here, Foust has similarly failed to allege any facts that suggests that GM discriminates against the majority. He does not allege that the individual who fired him, Jon Diewald, is part of the minority group, nor does he allege that GM has had a history of discriminating against men. Rather, Foust's complaint merely alleges that he was treated differently than Spadine, a woman, because he was investigated and fired for violating GM policy and she was not. Like the plaintiff in *Donaldson*, this contention is inadequate to show background circumstances. *see also*, *Bartlett v. Washington*, No. 18-11508, 2019 WL 918392, (E.D. Mich. Feb. 25, 2019), aff'd, 793 F. App'x 403 (6th Cir. 2019) (dismissing plaintiff's claim for reverse-sex discrimination under Title VII because plaintiff failed to allege background circumstances in support of his claim); *Rose v. Clarksville–Montgomery Cty. Cmty. Action Agency*, No. 3:15-cv-00415, 2015 WL 10437750, (M.D. Tenn. Nov. 20, 2015), *report and recommendation adopted*, 2016 WL 1029522, (M.D. Tenn. Mar. 9, 2016) (granting defendant's motion to dismiss and finding that the plaintiff's claim that she was disciplined when her African American co–workers were not disciplined for the same actions was insufficient to show background circumstances). Accordingly, the Court **DISMISSES** Foust's

Title VII claim for failure to state a plausible claim for relief, and the Court **GRANTS** GM and Diewald's motion for judgment on the pleadings.

**iii. Foust's State Law Claims**

Foust's remaining three claims for injurious falsehood, and violations under ELCRA and Michigan's Bullard-Plawecki Right to Know Act, arises under state law.

Under Title 28 U.S.C. § 1367(c):

"[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

...

(3) the district court has dismissed all claims over which it has original jurisdiction...."

*Haygood v. Gen. Motors, LLC*, No. 18-10375, 2018 WL 3329574, at *5 (E.D. Mich. July 6, 2018**)** (quoting Title 28 U.S.C. § 1367(c)).

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Winkler v. Madison Cnty.*, 893 F.3d 877, 905 (6th Cir. 2018) (quoting *Rouster v. County of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). Given that the

Court has dismissed Foust's Title VII claim, the only federal over which this Court had original jurisdiction, "this Court declines to exercise supplemental jurisdiction over [Foust's] state-law claims." *Haygood*, No. 18-10375, 2018 WL 3329574, at *5. Accordingly, Foust's three other state law claims against the defendants for injurious falsehood and violations under ELCRA and Michigan's Bullard-Plawecki Right to Know Act, are **DISMISSED WITHOUT PREJUDICE**.

### B. Foust's Motion to Amend

The Court will deny Foust's motion to amend because the Court finds that Foust's proposed second amended complaint would be futile.

On March 15, 2024, Foust filed a motion to amend seeking to add two additional state claims for Tortious Interference and False Light Invasion of Privacy and an add an additional party, GM Executive Mike McBride, as a defendant in his proposed second amended complaint. (ECF No. 9.)

Generally, under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend in instances where the plaintiff's motion to amend is futile. Amendment of a complaint is futile

when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

Here, Foust's proposed second amended complaint that includes his Title VII claim fares no better. Foust's proposed second amended complaint, like his first amended complaint, similarly fails to allege "sufficient facts showing background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti*, 314 F.3d at 255. Because Foust's Title VII claim in his proposed second amended complaint would not survive a motion to dismiss, his motion to amend this claim is futile. Accordingly, the Court **DENIES** Foust's motion to amend.

Finally, as similarly discussed above, since the only federal claim in Foust's proposed second amended complaint would be futile, the Court **DECLINES** to exercise jurisdiction with respect to Foust's additional state law claims for Tortious Interference and False Light Invasion of Privacy.

## V. CONCLUSION

Accordingly, **IT IS SO ORDERED** that GM and Diewald's motion for judgment on the pleadings is **GRANTED** (ECF No. 7) and Foust's Title VII claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Foust's state law claims for injurious falsehood, and violations under ELCRA and Michigan's Bullard Plawecki Right to Know Act are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Foust's motion to amend (ECF No. 9) is **DENIED**.

**SO ORDERED**.

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2024

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager