**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 02, 2026

Mr. Donald Campbell Bulea
Ms. Mami Kato
Ogletree Deakins
34977 Woodward Avenue
Suite 300
Birmingham, MI 48009

Mr. Christopher A. Chekan
McTavish Law
41000 Woodward Avenue
Suite 350 E.
350 East
Bloomfield Hills, MI 48304

Re: Case No. 24-1794, *Adam Foust v. General Motors, LLC, et al*
Originating Case No. 2:23-cv-13257

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0068n.06

No. 24-1794

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 02, 2026
KELLY L. STEPHENS, Clerk

ADAM FOUST,

Plaintiff-Appellant,

v.

GENERAL MOTORS, LLC; JON DIEWALD,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: CLAY, KETHLEDGE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Adam Foust sued General Motors, LLC (GM), his employer of 18 years, alleging that it discriminated against him on the basis of his sex in violation of Title VII of the Civil Rights Act. The district court granted defendants' motion for judgment on the pleadings based solely on Foust's failure to plead background circumstances supporting the proposition that GM is the rare employer that engages in reverse discrimination. During the pendency of Foust's appeal, the Supreme Court struck down the background-circumstances rule in *Ames v. Ohio Department of Youth Services*, 605 U.S. 303, 305–06 (2025). Therefore, we **VACATE** the district court's order and **REMAND** for application of the proper pleading standard.

**I.**

The amended complaint alleges as follows. Foust worked at GM for 18 years, most recently as a Senior Human Resources Manager for Global Design. Jon Diewald supervised Foust in that position. During his time with GM, Foust was an "excellent employee," rising "steadily

through the ranks," and receiving "excellent reviews" from his subordinates. R. 4, First Am. Compl., PageID 23–24. In July 2022, Foust received permission from female colleague Kristie Spadine to use her company vehicle to take a trip out of state, in violation of GM's company vehicle policy (CVO), and he did so. GM promptly investigated him. Foust was forthcoming about his violation of the CVO. Despite Foust's honesty with the investigators, GM "infer[red]" that he had lied in an earlier text message to a more senior executive named Mike McBride. *Id.* at PageID 25. However, this "inference [was] baseless and false." *Id.* A few days later, Diewald fired Foust without giving him an opportunity to explain the text message. On the other hand, GM disciplined Spadine but did not fire her. GM replaced Foust with a woman.

Foust filed a charge of sex discrimination with the EEOC, received a Right to Sue letter, and sued in federal district court, raising a Title VII claim and state-law discrimination, defamation, and right-to-know claims. He subsequently filed an amended complaint, pleading the same claims. Defendants moved for judgment on the pleadings. Foust then moved for leave to amend a second time.

The district court dismissed the Title VII claim on the merits, denied leave to amend, and declined to exercise supplemental jurisdiction over the state-law claims. The district court's sole ground for dismissing the Title VII claim was Foust's failure to allege "background circumstances" that "support the suspicion that the defendant is that unusual employer who discriminates against the majority"—something which our court required of "reverse-discrimination" cases at that time. R. 14, Order, PageID 353 (quoting *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002)).

Foust timely appealed.

## II.

Foust's sole argument on appeal is that the district court erred in applying *Zambetti*'s background-circumstances rule. During the pendency of his appeal, the Supreme Court struck down that rule. *Ames*, 605 U.S. at 305–06 (holding "that this additional 'background circumstances' requirement is not consistent with Title VII's text or our case law construing the statute"). Foust is therefore unquestionably correct that the district court applied the wrong pleading standard to his complaint, so we vacate the district court's order.

Defendants concede that *Ames* eliminated the background-circumstances rule and applies to the present action. But defendants still argue against vacatur. In their view, we should instead forge ahead with determining whether Foust has sufficiently pleaded a Title VII claim under the correct pleading standard. They argue he has not, because he "failed to allege facts to show disparate treatment of similarly situated individuals." Appellee Br. 13. It is true that "[w]e review *de novo* a judgment on the pleadings" and "may affirm on any grounds supported by the record . . . ." *Collier v. LoGiudice*, 818 F. App'x 506, 509–10 (6th Cir. 2020) (first citing *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019); and then quoting *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007)). But we decline further review of the merits here.

Defendants' arguments for affirming on other grounds are not persuasive. Foust alleges that he was qualified for his position, and that even though he and Spadine both violated the CVO, he received a significantly harsher punishment. Those are far from "naked assertions devoid of further factual enhancement . . . ." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendants disagree. They argue that Foust has not provided Spadine's job title or supervisor. But "we have never required plaintiffs to include such detail." *Mustafa v. Ford Motor*

*Co.*, No. 24-1763, 2025 WL 2720988, at *5 (6th Cir. Sept. 24, 2025). Defendants also argue that Foust's and Spadine's conduct—allowing a family member to use a company vehicle, possessing two company vehicles at one time, and lying about it, on the one hand, and lending out a vehicle, on the other hand—is insufficiently similar. However, it is entirely plausible that company policy treats Foust's and Spadine's violations as essentially equal. Defendants seek the kind of improper application of *McDonnell Douglas* at the pleadings stage that our court has rejected. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (holding that *Swierkiewicz*'s admonition against application of the *McDonnell Douglas* standard at the pleadings stage survives *Twombly* and *Iqbal*). Given the weakness of the case for affirming on an alternative basis, the better course is to allow the district court another bite at the apple in reviewing the sufficiency of Foust's complaint.

This accords with our general preference to "ease appellate review by ensuring that district courts consider issues first . . . ." *Heyward v. Cooper*, 88 F.4th 648, 655 (6th Cir. 2023) (quoting *Harris v. Klare*, 902 F.3d 630, 636 (6th Cir. 2018)). The district court did not address any of defendants' alternative arguments. Unsurprisingly, neither did plaintiff's initial brief. Both we and the parties will therefore benefit from letting the district court address the still-live issues in this case.

Additionally, on remand, the district court may be more inclined to grant Foust's motion for leave to amend, which was denied solely because it did not fix the "background circumstances" issue. The proposed second amended complaint contains additional factual allegations about Foust's performance at GM, the CVO, GM's post-firing conduct toward Spadine, and Spadine's role at GM. That would impact the failure-to-state-a-claim analysis. It would be imprudent to review de novo a complaint that, on remand, could quickly become inoperative.

* * *

For the foregoing reasons, we **VACATE** the district court's order and **REMAND** for application of the proper pleading standard.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1794

ADAM FOUST,

Plaintiff - Appellant,

v.

GENERAL MOTORS, LLC; JON DIEWALD,

Defendants - Appellees.

**FILED**
Feb 02, 2026
KELLY L. STEPHENS, Clerk

Before: CLAY, KETHLEDGE, and BUSH, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's order is VACATED, and the case is REMANDED for application of the proper pleading standard.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens, Clerk